**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**CIVIL ACTION NO. 5:14-CV-195-RLV-DCK**

| | | |
|---|---|---|
| **ECLIPSE PACKAGING, INC., d/b/a FlexSol Packaging,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **STIPULATED PROTECTIVE ORDER** |
| | ) | |
| **STEWARTS OF AMERICA, INC. and INDUSTRIAL BRUSH CO., INC.,** | ) ) ) | |
| **Defendants.** | ) ) ) | |

Upon the stipulation of the parties to this action, it is hereby ORDERED that the following procedures and limitations shall apply to documents and information exchanged or received by the parties through discovery in this action:

1.      Any documents, information, or things produced by any party or non-party as part of discovery in this action may be designated by the producing party(ies) as "Confidential" or "Attorneys' Eyes Only" or the equivalent wording. A document or data should be designated "Confidential" when it contains confidential information that may be reviewed by certain named persons of the receiving party but must be protected against disclosure to third parties, except as provided for herein.

2.      A document or data should be designated "Attorneys' Eyes Only" when it contains information that the producing party deems especially sensitive or which it believes may put it at a competitive disadvantage including, but not limited to, confidential research and development, financial, technical, marketing, pricing or other confidential commercial or business information.

3.      Documents or information designated "Confidential" or "Attorneys' Eyes Only" may be used only in connection with this litigation, and not for any other purpose unless the producing party expressly consents in writing to another use. Such information may not be disclosed to anyone except as provided in this Order. "Confidential" and "Attorneys' Eyes Only' information does not include, and this Order shall not apply to, a parties' own documents or information or information that is already in the knowledge or possession of any party prior to the disclosure of such information through discovery.

4.      Any party or non-party wishing to come within the provisions of this Order may designate in writing, the documents, information, or portions thereof, which it considers confidential at the time the documents are produced. The party or non-party may designate each page of a document as "Confidential" or "Attorneys' Eyes Only" by marking each page as such. If electronic documents are produced on electronic storage media, such as discs or drives, the producing party may mark the storage media itself (rather than each page of the electronic documents contained therein) as "Confidential" or "Attorneys' Eyes Only." A party may designate all or any portion of responses to written discovery requests as "Confidential" or "Attorneys' Eyes Only" by labeling them as such in the body of a response. In the instance of deposition testimony, the witness under deposition or his or her counsel may invoke the provisions of this Order during the deposition, and the parties shall be excluded only from reviewing testimony designated "Attorneys' Eyes Only." The witness under deposition or his or her counsel shall have the right, within thirty (30) days of receiving a transcript of the deposition, to designate or change the level of restriction of the transcript or portion thereof. During the thirty (30) day period, counsel for the parties shall treat the entire transcript as if it had been designated "Attorneys' Eyes Only." Documents or information inadvertently produced without the confidential designation may be substituted by notifying the receiving party in writing and appropriately designating the documents, provided that it will not be considered to be a violation of the Order if the prior

undesignated documents have, prior to the substitution, been disclosed to others. The information must be treated by the receiving party as confidential from the time the receiving party is notified in writing of the change in the designation.

5. If a producing party inadvertently discloses to the receiving party information that is privileged or otherwise immune from discovery, said producing party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the item or items of information be returned, and no party to this action shall thereafter assert that such disclosure waived any privilege or immunity. It is further agreed that the receiving party will promptly return such inadvertently produced item or items of information and all copies thereof upon either (a) discovery by the receiving party of its inadvertent production, or (b) receiving a written request for the return of such item or items of information. The party having returned such inadvertently produced item or items of information may thereafter, without asserting waiver because of inadvertent production, seek production of any such documents in accordance with the North Carolina Rules of Civil Procedure.

6. Any documents or information designated "Confidential" as well as any copies or excerpts thereof, or analyses or reports which pertain thereto, may be made available only to:

(a) Attorneys of record for the receiving party, their employees and other attorneys and/or employees of their firms;

(b) Judges, law clerks and other clerical personnel of the Court before which this action is pending;

(c)     Independent experts or consultants retained solely for purposes of this litigation (including their staff) as provided in Paragraph 8 below;

(d)     Officers, directors, or employees of the parties solely for the purpose of and to the extent necessary for prosecuting, defending and/or appealing this litigation;

(e)     Outside copying, computer services, or litigation support vendors.

(f)     Representatives of outside insurers for any of the parties who are responsible for monitoring the litigation;

(g)     Any officer taking, reporting, or videotaping a deposition to the extent necessary to prepare the transcript or recording of the deposition; and

(h)     Third-party witnesses during and in preparation for their testimony, provided that such information pertains to the witness and/or their current or former employer.

7.     Documents or information designated "Attorneys' Eyes Only" as well as any copies or excerpts thereof, or analyses or reports which pertain thereto, may be made available only to:

(a)     Attorneys of record for the receiving party, their employees and other attorneys and/or employees of their firms;

(b)     Judges, law clerks and other clerical personnel of the Court before which this action is pending, provided that submission of such documents to the Court shall comply with this Order;

(c)     Independent experts or consultants retained solely for purposes of this litigation (including their staff) as provided in Paragraph 8 below;

(d)     Persons shown on the face of the document to have authored or received it; and

(e)     Outside copying, computer services, or litigation support vendors.

(f)     Representatives of outside insurers for any of the parties who are responsible for monitoring the litigation; and

(g)     Any officer taking, reporting, or videotaping a deposition to the extent necessary to prepare the transcript or recording of the deposition.

8.      Any outside expert who shall have access to designated "Confidential" or "Attorneys' Eyes Only" information under the terms of this Order shall, prior to being given such access, be provided with a copy of this Order and shall sign an Acknowledgment in the form of Exhibit A hereto indicating that he or she is familiar with the provisions of this Order and will abide by them. Unless otherwise provided, such Acknowledgement shall be kept by counsel for reference should such be necessary.

9.      Should any party to this litigation obtain documents from a third party, by subpoena or otherwise, such documents shall be treated by the receiving party as "Attorneys' Eyes Only" under this Order for at least thirty (30) days after all parties receive the documents. Any party shall have the right, within thirty (30) days of receiving documents produced by a third party, to designate or change the level of restriction of the documents, in writing, to maintain "Attorneys' Eyes Only," become "Confidential," or not have any designation.

10.     Unless otherwise stipulated by the parties in writing, in the event a party wishes to submit any information identified as "Attorneys' Eyes Only" to the Court, the party shall file the information under seal in accordance with Rule 10.1 of the General Rules of Practice and Procedure for the North Carolina Business Court.

11.     If at any time any party believes that any other party or non-party has unreasonably designated certain information as "Confidential" or "Attorneys' Eyes Only", or believes that it is necessary to disclose designated information to persons other than those

permitted by this Order, and the producing party does not agree to change the designation or to the further disclosure, the objecting party may make an appropriate application to this Court requesting that the specifically identified documents, information, and/or deposition testimony be excluded from the provisions of this Order or be available to specified other persons. No disclosure of such information shall be made until ruled upon by the Court.

12.     This Order may only be modified by further order of this Court.

13.     Upon termination of this action, unless the attorneys of record otherwise agree in writing, each party shall assemble and return all "Confidential" and "Attorneys' Eyes Only" designated materials, including copies, to the person and entity from whom the material was obtained, or shall certify that the documents have been destroyed. However, the attorney of record may retain one (1) copy of any designated documents for archival purposes solely for the purpose of addressing or defending any alleged violation of this Order.

14.     This Order will not prejudice the right of any party or non-party to oppose production of any information on the ground of attorney-client privilege, work product immunity, or any other protection provided under the law.

15.     Information identified as "Confidential" or "Attorneys' Eyes Only" in accordance with this Order may be disclosed in testimony, in hearings, or at the trial of this action or may be entered into evidence at hearings or at the trial of this action, subject to this Order. To the extent a party would seek to seal or otherwise restrict access to an exhibit or other document introduced during a hearing or trial, the party shall make a separate motion requesting the evidence of testimony be sealed or otherwise restricted. To the extent any party would seek to seal any portion of a transcript of a court proceeding, the party shall file a separate motion to seal for consideration by the court.

16.     Nothing in this Order shall bar any attorney in the course of rendering advice to his or her client from relying upon knowledge of "Confidential" or "Attorneys' Eyes Only" materials produced or exchanged herein; provided that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the contents of any "Confidential" or "Attorneys' Eyes Only" information in a manner contrary to the terms of this Order.

17.     Acceptance by a party of any information, document, or thing identified as "Confidential" or "Attorneys' Eyes Only" hereunder shall not constitute a concession that the information, document, or thing is confidential or a trade secret or that it has been properly designated as such.

**IT IS SO ORDERED.**

Signed: June 2, 2015

David C. Keesler
United States Magistrate Judge

**CONSENTED TO:**

**/s/J. DOUGLAS GRIMES**
**NC State Bar No. 32699**
**Hedrick Gardner Kincheloe &**
**Garofalo, LLP**
**PO Box 30397**
**Charlotte, NC  28230**
**Phone: (704) 366-1101**
**Fax:  (704) 366-6181**
dgrimes@hedrickgardner.com
*Attorneys for Defendant Industrial*
*Brush Co., Inc.*

**/s/LAWRENCE J. GOLDMAN**
**NC State Bar No. 19025**
**Jones, Hewson & Woolard**
**831 East Morehead Street, Suite 560**
**Charlotte, NC  28202**
**Phone:  (704) 372-6541**
**Fax:  (704) 331-9068**
[lgoldman@jhandw.com](mailto:lgoldman@jhandw.com)
*Attorney for Defendant Stewarts of*
*America, Inc.*

**/s/ANDREW L. FITZGERALD**
**NC State Bar No. 31522**
**Fitzgerald Law, P.C.**
**632 Holly Avenue**
**Winston-Salem, NC  27101**
**Phone:  (336) 793-4365**
**Fax:  (336) 796-4696**
[andy@fitgeraledlitigation.com](mailto:andy@fitgeraledlitigation.com)
*Attorney for Plaintiff*

This the 1st day of June, 2015.