IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:14-CV-00195-RLV-DCK

| ECLIPSE PACKAGING, INC., | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| STEWARTS OF AMERICA, INC. AND | ) | |
| INDUSTRIAL BRUSH CO., INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff Eclipse Packaging, Inc.'s combined Motion *in Limine* and *Daubert* Motion (the "Motion"). [Doc. No. 31]. Defendant Stewarts of America, Inc. (hereinafter, "Defendant Stewarts") has opposed the Motion. [Doc. No. 39]. The Court has also considered the Plaintiff's reply. [Doc. No. 42]. Having been fully briefed, the Plaintiff's Motion is now ripe for disposition. For the reasons set forth below, Plaintiff's Motion is **DENIED**.

## I.   BACKGROUND

The relevant factual and procedural background for this Motion is more specifically set out in this Court's April 11, 2016 Order on Plaintiff's Motion for Partial Summary Judgment (Doc. No. 28), and will not be repeated here. *See Eclipse Packaging, Inc., v. Stewarts of Am., Inc.*, No. 5:14-CV-00195-RLV-DCK, 2016 WL 1421186 (W.D.N.C. Apr. 11, 2016) (Voorhees, J.). The Court will assume that the parties are well-aware of the facts and procedural background of this matter for purposes of this Order.

## II. DISCUSSION

### A. Plaintiff's Motion *in Limine*

Plaintiff's Motion *in Limine* is based on the theory that "evidence . . . criticizing [Eclipse's] 'particular purpose' . . . is irrelevant" and should be excluded from the jury's consideration at trial. In this Court's experience, many motions *in limine* seek to exclude evidence on the basis of relevance or prejudice. Rule 402 of the Federal Rules of Evidence provides that "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court . . . . [E]vidence which is not relevant is not admissible." Fed. R. Evid. 402. Under Rule 401, evidence is relevant if it "has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Pursuant to Rule 403, a court may exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. However, at all times, the threshold for relevance is "low." *See Lorraine v. Markel Am. Ins. Co.*, 241 F.R.D. 534, 541 (D. Md. 2007).

Recognizing the low hurdle presented by a relevance challenge, motions *in limine* that seek the exclusion of broad and unspecific categories of evidence are generally disfavored. *See Sperberg v. The Goodyear Tire and Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975); *see also Intelligent Verification Sys., LLC v. Microsoft Corp.*, 2015 WL 1518099, at *10 (E.D. Va. 2015), *aff'd sub nom.* 628 F. App'x 767 (Fed. Cir. 2016); *Cougill v. Prospect Mortgage, LLC*, 2014 WL 348539, at *2 (E.D. Va. 2014). Courts have recognized that it "is almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins v. Kmart Corp.*, 487

F.Supp.2d 1216, 1218 (D. Kan. 2007). Therefore, when confronted with the situation, "a better practice is to deal with questions of admissibility of evidence as they arise [in actual trial]" as opposed to tackling the matter in a vacuum on a motion *in limine*. *Sperberg*, 519 F.2d at 712. Further, "a motion *in limine* should not be used to resolve factual disputes or weigh evidence." *C&E Servs., Inc. v. Ashland Inc.*, 539 F.Supp.2d 316, 323 (D.D.C. 2008). Rather, that is the province of the jury. *See Reeves v. Sanderson Plumbing Products*, 530 U.S. 133, 150 (2000).

Here, the Motion argues that Defendant Stewarts clearly afforded Plaintiff with an implied warranty of fitness for a particular purpose when it sold the Tampico brush roller to Plaintiff, and that the evidence shows Defendant Stewarts clearly breached that warranty. *See* [Doc. No. 31] at pp. 1-4. Further, Plaintiff argues that this Court should exclude any and all evidence that broadly challenges any "process deficiencies" or the "unreasonableness" of Plaintiff's "particular purpose." *Id.* at pp. 4-9. The Court will address each of these arguments in turn.

Chiefly, the Court notes that this section of the Motion is littered with factual representations and arguments seeking to establish that, as a matter of law, Defendant Stewarts provided Plaintiff with this implied warranty and that it was breached. *See id* at pp. 1-9. These arguments are inappropriate on a motion *in limine*. On the surface, Plaintiff's arguments blatantly appear to ask this Court to weigh the evidence and find in Plaintiff's favor on these issues. This is an entirely improper and spurious request. *See C&E Servs., Inc.*, 539 F.Supp.2d at 323. Even if the Motion does not request the Court to weigh the evidence, such arguments are better presented in a motion for summary judgment (for which the time for filing has already transpired) or in a motion for directed verdict at trial. Therefore, to the extent the Plaintiff's Motion seeks to have the Court determine these matters, *in lieu* of the jury or prior to trial, that request is **DENIED**.

Additionally, the Court finds that Plaintiff's second argument is without merit at the present stage of the litigation. It is Plaintiff's burden at trial to establish that (1) a warranty for a particular purpose was provided by Defendant; and (2) the Defendant provided the warranty for the particular purpose advanced by Plaintiff. *See*, *e.g.*, N. C. Gen. Stat. § 25-2-315 (providing elements for establishing implied warranty for a particular purpose); N. C. Gen. Stat. § 25-2-607(4) (providing that it is the buyer's burden to establish breach); *see also Warren v. Joseph Harris Co.*, 67 N.C. App. 686, 313 S.E.2d 901, 904 (N.C. App. 1984) (holding that the issue of whether an implied warranty is established and breached is a question of fact for the jury). Plaintiff cannot surreptitiously avoid this burden by seeking to exclude a broad and undefined swath of evidence which Defendant may introduce to attack its *prima facie* case. *See Sperberg*, 519 F.2d at 712.

Based upon the parties' filings, it is clear that there is a dispute of fact regarding the exact *particular purpose* for which the Tampico brush roller was allegedly provided. Plaintiff contends that the particular purpose was for the Tampico brush roller to work within its hot pin perforating machine regardless of the settings utilized by the system, specifically the pin length settings and heat settings. *See* [Doc. No. 31] at pp. 4-9. Defendant argues that it provided the Tampico brush roller only for the specific, limited purpose of providing "more uniform pinholes." *See* [Doc. No. 39] at p. 1. Defendant contends that it did not warrant the Tampico brush roller for use with respect to *any* purpose or process to which the Plaintiff committed its hot pin perforating system, such as use with settings that did not conform to the specifications or limits of the brush roller. *Id.*; *accord Bailey v. LeBeau*, 79 N.C. App. 345, 339 S.E.2d 460, 463 (N.C. App. 1986) ("The seller's warranty, however, is not his personal guarantee regarding the continuous and future operation of the goods which he has sold." (quoting *Pake v. Byrd*, 55 N.C. App. 551, 286 S.E.2d 588 (N.C. App. 1982)).

Accordingly, the Court finds that there is a dispute of material fact as to this issue, and that the issue should be resolved by the jury. The Plaintiff's broad and vague request to limit the Defendant's ability to dispute Plaintiff's *prima facie* case before the jury is improper, disfavored, and should not be resolved on a relevancy-based motion *in limine*. *See*, *e.g.*, *Sperberg*, 519 F.2d at 712. Indeed, it would prove an exhausting exercise to hypothesize and resolve all of the possible scenarios in which Defendant may seek to oppose the Plaintiff's case. As referenced above, Rules 401 and 402 of the Federal Rules of Evidence allow for liberal admission of evidence if it has any tendency to help to prove or disprove an actual issue in the case, no matter how slight. The Court will permit the Defendant to contest the particular purpose sought to be established by the Plaintiff at trial, subject to any appropriate, meritorious, and timely objection(s). Therefore, the Plaintiff's Motion *in Limine* is hereby **DENIED**.

    B.    <u>Plaintiff's *Daubert* Motion</u>

        1.    *Standard of Review*

Rule 702 of the Federal Rules of Evidence permits admission of "scientific, technical or other specialized knowledge" by a qualified expert if it will "help the trier of fact to understand the evidence or to determine a fact in issue," "the testimony is based on sufficient facts or data," "is the product of reliable principles and methods," and "the expert has reliably applied the principles and methods to the facts of the case." *See* Fed. R. Evid. 702. The seminal case of *Daubert v. Merrell Dow Pharm., In*c. provides that expert testimony may be admitted pursuant to Rule 702 if the testimony is both relevant and reliable, considering a number of factors including whether the theory or technique "can be (and has been tested)," whether it "has been subjected to peer review and publication," whether it has been "generally accept[ed]" in the "relevant scientific community," and "the known or potential rate of error." *Daubert v. Merrell Dow Pharm., In*c., 509

U.S. 579, 589, 593–94 (1993). Although a court's review of the admissibility of an expert opinion is "flexible," the district court must function as a gatekeeper, permitting only expert testimony that comports with Rule 702's guidelines as explained in *Daubert*. *See* 509 U.S. at 594. Moreover, the Court's gatekeeping responsibility applies to all types of expert testimony. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999).

2.  *Plaintiff's Motion Does Not Make A Sufficient Showing That Defendant's Expert's Testimony Should Be Excluded*

Plaintiff contends that the Defendant's expert, Clyde Evans, should be excluded because (1) Defendant's expert purportedly admits that the Plaintiff's expert has "superior expertise" to analyze whether the Tampico brush roller failed because of either an inherent defect or as a result of the conditions surrounding the brush during the time in which Plaintiff used it in its system; (2) Defendant's expert formed his opinion based upon an alleged misreading of another individual's deposition; and (3) it is allegedly "scientifically impossible" that the Tampico brush roller was exposed to excessive heat. *See* [Doc. No. 31] at pp. 9-13.

Defendant counters Plaintiff's Motion by arguing that Mr. Evans is qualified to testify as to the issues in this case. Defendant first argues that Plaintiff's conclusory argument does not demonstrate that Mr. Evans conceded that he was unqualified to testify; rather, Mr. Evans was merely testifying that he and Plaintiff's expert have differing areas of expertise, and that his background in Tampico fibers and hot pin perforating systems make him qualified to testify on Defendant's behalf. *See* [Doc. No. 39] at p. 2. Defendant also contends that Mr. Evans' testimony was not based entirely upon an alleged single misreading of deposition testimony. Defendant argues that Mr. Evans' testimony is based upon numerous factors, including his observation that the hot pin perforating system's temperature could not be regulated by line operators while knowing the exact temperature being applied to the pins and the Tampico fibers, that the Tampico

fibers he examined appeared discolored from excessive heat application, and that multiple deponents, including Plaintiff's expert, testify that "heat may degrade the Tampico fibers and cause them to break off easier." *See* [Doc. No. 39] at p. 2. Finally, Defendant contends that whether it is "scientifically impossible" for the Tampico fibers to have been exposed to excessive heat is a disputed issue of fact more properly resolved for the jury – not the Court on a *Daubert* Motion. *Id.*

      The Court has considered the parties' arguments and has determined that Plaintiff's Motion must be denied on the arguments presented. Whether or not Plaintiff's expert has more expertise than Defendant's expert is not sufficient reason to exclude an expert's testimony. *See Ale House Mgmt., Inc. v. Raleigh Ale House, Inc.*, 2006 WL 6663793, at *9 (E.D.N.C. 2006) ("The credibility of the . . . evidence and expert testimony is appropriately determined by a jury."); *accord Mosser v. Fruehauf Corp.*, 940 F.2d 77, 83 (4th Cir. 1991) (endorsing the notion that the jury should weigh the evidence and credibility of competing experts). Additionally, Defendant has correctly pointed out that Plaintiff's challenges to the admissibility of Mr. Evans' testimony are not properly based on his qualifications or analysis, though they purport to be; rather, Plaintiff's challenges are more appropriately viewed as attacks on the expert's conclusions themselves as opposed to the conclusions of its own expert. These issues go to the weight due to Mr. Evans' testimony and, as such, are properly resolved by the jury. *See*, *e.g.*, *Balt. & Ohio R.R. Co. v. Deneen*, 167 F.2d 799, 801 (4th Cir. 1948) (The "power to resolve any conflicts . . . between the [parties'] evidence . . . [is] peculiarly in the province of the jury."). Thus, Plaintiff's *Daubert* Motion is hereby **DENIED**.

## III. DECRETAL

**IT IS, THEREFORE, ORDERED THAT**

(1) Plaintiff's Motion *in Limine* (Doc. No. 31) is hereby **DENIED**; and

(2) Plaintiff's *Daubert* Motion to Exclude the Testimony of Expert Clyde Evans (Doc. No. 31) is hereby **DENIED**.

**SO ORDERED**.

Signed: April 29, 2016

Richard L. Voorhees
United States District Judge