IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:14-CV-00195-RLV-DCK

| | |
|---|---|
| ECLIPSE PACKAGING, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| STEWARTS OF AMERICA, INC. AND ) | |
| INDUSTRIAL BRUSH CO., INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on Defendant's Motion for Judgment as a Matter of Law or, in the Alternative, Motion for a New Trial (hereinafter, the "Motion"). [Doc. No. 62]. Also before the Court is Defendant's Motion to Stay the Execution of the Judgment (hereinafter, the "Motion to Stay"). [Doc. No. 64]. Plaintiff has opposed both motions, (Doc. Nos. 66 & 67), and Defendant has replied (Doc. Nos. 68 & 69). These matters are now ripe for review. Having considered the merit of both motions, relevant law, and the record as a whole, the Court **DENIES** the Motion and **DENIES** the Motion to Stay.

I.   BACKGROUND[1]

This matter concerns a dispute regarding a defective brush roller. The brush roller, which

---

[1] At this stage of the litigation, when considering a motion for judgment as a matter of law, or alternatively, for a new trial, the Court must consider all facts and draw all inferences in the light most favorable to the jury's verdict and to the party benefiting from such verdict. *See*, *e.g.*, *Continental Co. v. Union Carbide*, 370 U.S. 690, 696 (1962); *Persinger v. Norfolk & W. Ry.*, 920 F.2d 1185, 1189 (4th Cir. 1990); *Gill v. Rollins Protective Servs. Co.*, 773 F.2d 592, 594 (4th Cir. 1985); *Howard v. McCrory Corp.*, 601 F.2d 133, 136 (4th Cir. 1979); *Krodel v. Houghtaling*, 468 F.2d 887, 888 (4th Cir. 1972). Here, the verdict was entered in favor of the Plaintiff on each of its causes of action, save its state law negligence claim, which was not presented to the jury. *See* [Doc. No. 60] (Jury Verdict Sheet); [Doc. No. 61] (Final Judgment). The jury found in Stewarts' favor only partially on the issue of mitigation of damages. *See* [Doc. No. 60] (Jury Verdict Sheet); [Doc. No. 61] (Final Judgment).

contained Tampico fibers,[2] was manufactured by Industrial Brush Co., Inc. ("Industrial Brush")[3] and sold to the Plaintiff by Defendant Stewarts of America, Inc. (hereinafter, "Defendant" or "Stewarts").

Plaintiff is a North Carolina company engaged in the business of manufacturing food-grade plastic sheets and bags. Stewarts is a South Carolina corporation engaged in the business of selling industrial brush rollers, as well as the manufacturing and reselling of commercial pinhole systems – each of which can be used by a plastic sheet manufacturer, such as Plaintiff, in the course and scope of its business. Plaintiff's Statesville manufacturing plant utilizes a "hot pin perforating" system to puncture food-grade plastic films (thereby creating "pinholes" in the films) for its client, Cargill Kitchen Solutions (hereinafter, "Cargill"). Plaintiff's perforating system uses a heat source to soften films as they pass through the machine, which eases the perforating process. In order to correctly produce the plastic films, the perforator also utilizes a brush roller to create uniform pinholes. At Cargill's request for more uniform pinholes, Plaintiff switched from a nylon brush roller to a Tampico brush roller after consultation and recommendation from Stewarts. Stewarts specifically recommended the Tampico brush roller for use in Plaintiff's plastic film manufacturing business.

Before the nylon to Tampico sale and transition, Stewarts provided Plaintiff a written sale quote for the Tampico brush roller, which became the subject of considerable dispute in this litigation. Stewarts' written sale quote represented to Plaintiff that the Tampico brush roller would have a bristle projection of 12.7 millimeters. *See* Plaintiff's Trial Exhibit ("Pl's Tr. Ex.") 26, at p. 1. In addition, the quote represented that the brush roller's bristles would be heat resistant. *See id*. In

---

[2] "Tampico" fibers are non-synthetic, natural white fibers made from vegetables.
[3] Industrial Brush was formerly a defendant in this litigation. However, Plaintiff settled all claims against Industrial Brush and voluntarily dismissed the defendant from this action, *with prejudice*, on February 18, 2016. *See* [Doc. No. 28].

-2-

a simultaneously delivered email, Stewarts represented that all the components in the quote were "field proven and standard" and could be implemented "all at once, or one step at a time . . . completely up to [Plaintiff]." *See* Pl's Tr. Ex. 69, at p. 2. After the switch occurred and the new Tampico brush roller was in use, however, Cargill informed Plaintiff that Tampico fibers were contaminating the plastic films and making them unusable in its food business. Plaintiff recalled several thousand pounds worth of plastic film and credited Cargill the cost. Plaintiff then filed this suit seeking relief from Defendant Stewarts for the damages it sustained from the use of the allegedly defective Tampico brush roller.

Eventually, over the course of two days in May, 2016, a jury trial was held on three of Plaintiff's claims: breach of express warranty; breach of the implied warranty of fitness for a particular purpose; and breach of the implied warranty of merchantability. After hearing the parties' evidence, the jury returned a special verdict in Plaintiff's favor on each of its three claims, and bestowed Plaintiff with a lump-sum damages award in the amount of $563,184.01. *See* [Doc. No. 60] (Jury Verdict Sheet). The jury, however, credited $72,500.00 to the Defendant for the Plaintiff's failure to mitigate its damages. Final Judgment was entered on May 11, 2016. [Doc. No. 61].

Defendant Stewarts now moves this Court to vacate the jury's verdict and award it judgment as a matter of law, or alternatively, award it a new trial. *See* [Doc. No. 62]. In its Motion, Defendant argues that the Court improperly permitted the breach of express warranty claim to reach the jury. Defendant also argues that the Court improperly interpreted and instructed the jury as to North Carolina's sealed container defense, which applies *only* to the Plaintiff's implied warranty claims, and not to its express warranty claim. At trial, the Court instructed the jury on the sealed container defense utilizing the pattern jury instructions for claims brought under North

Carolina law. *See* N.C.P.I.-CIVIL 744.05. Defendant's arguments are considered in turn.

## II. DISCUSSION

### A. Standard of Review

Judgment as a matter of law is appropriate where "there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on the issue." Fed. R. Civ. P. 50(a). "[W]hen a jury has returned its verdict, a court may grant judgment as a matter of law only if, viewing the evidence in a light most favorable to the non-moving party and drawing every legitimate inference in that party's favor, the court determines that the only conclusion a reasonable jury could have reached is one in favor of the moving party." *Sloane v. Equifax Info. Servs.*, 510 F.3d 495, 500 (4th Cir. 2007) (citing *Figg v. Schroeder*, 312 F.3d 625, 635 (4th Cir.2002)). After a trial on the merits, the standard of review on such a motion is, specifically, whether the evidence is so substantial or conclusive that any contrary verdict would necessarily be based on speculation or conjecture. *See Gairola v. Virginia Dep't of Gen. Servs.*, 753 F.2d 1281, 1285 (4th Cir.1985). The question is not whether there is no evidence, but whether there is sufficient evidence upon which a factfinder can properly proceed to reach the verdict sought. *Ralston Purina Co. v. Edmunds*, 241 F.2d 164, 167 (4th Cir. 1957), *cert. denied*, 353 U.S. 974 (1957). "Essentially, if a reasonable jury could only rule in favor of defendant, the court should grant its motion, but if reasonable minds could differ, the court must affirm the jury's verdict." *SAS Institute, Inc., v. World Programming Limited*, No. 5:10-25-FL, 2016 WL 3435196, at *2 (E.D.N.C. June 17, 2016) (citations omitted). Pursuant to Rule 50, a party who moved for judgment as a matter of law at trial may, within twenty-eight days of the entry of judgment, renew the request for judgment as a matter of law. Fed. R. Civ. P. 50(b).

On the other hand, a court should grant a defendant's motion for a new trial only if: 1) the verdict is against the clear weight of the evidence; 2) is based upon evidence that is false; or 3)

will result in a miscarriage of justice, even though substantial evidence might prevent the direction of a verdict. *Cline v. Wal-Mart Stores, Inc.*, 144 F.3d 294, 301 (4th Cir. 1998) (quoting *Atlas Food Sys. & Servs., Inc. v. Crane Nat'l Vendors, Inc.*, 99 F.3d 587, 594 (4th Cir. 1996)). "The 'crucial inquiry' on review [of a motion for a new trial] is 'whether an error occurred in the conduct of the trial that was so grievous as to have rendered the trial unfair.'" *Gentry v. E. W. Partners Club Mgmt. Co. Inc.*, 816 F.3d 228, 241 (4th Cir. 2016) (quoting *Bristol Steel & Iron Works v. Bethlehem Steel Corp.*, 41 F.3d 182, 186 (4th Cir. 1994)). The grant or denial of a motion for new trial rests within a court's sound discretion. *Cline*, 144 F.3d at 301.

        B.      <u>The Issue of Express Warranty was Properly Submitted to the Jury</u>

In its Motion, Defendant argues that the Plaintiff's express warranty claim should not have been tendered to the jury for a verdict. In support of its position, Defendant argues that Plaintiff, by way of the Rule 30(b)(6) deposition of its corporate representative, admitted that no express warranty existed between the parties. *See* [Doc. No. 63] at pp. 1-3. The specific portion of the deposition, to which Defendant cites, provides as follows:

> Q.    Your complaint in this lawsuit has a claim - - there are several claims, but one of them is for an express - - breach of an express warranty. Did Stewarts provide [Plaintiff] with any warranty that you're aware of?
>
> A.    Not that I'm aware of.

[Doc. No. 63-1] at p. 120. Defendant argues that the 30(b)(6) deponent's response to the above-reproduced question constitutes a binding judicial admission that precludes a reasonable jury from being able to find in Plaintiff's favor on its express warranty claim. *See* [Doc. No. 63] at pp. 1-3. In support, Defendant relies on *United States v. Taylor*, 166 F.R.D. 356, 358 (M.D.N.C.) (M&R), *aff'd*, 166 F.R.D. 367 (M.D.N.C. 1996), to belabor this argument. Critically, Defendant has

challenged Plaintiff's express warranty claim only on this basis, and has not otherwise challenged the sufficiency of the evidence.

Stewarts' argument is rejected. First, the *Taylor* court's order is a non-binding decision that can, at most, carry only persuasive weight. Second, the *Taylor* decision does not even clearly stand for the proposition Stewarts advocates. In *Taylor*, the magistrate judge issued a pre-deposition order discussing the responsibility of a corporate party to have a 30(b)(6) witness properly prepare for the deposition. *Taylor* was not decided on a motion for judgment as a matter of law after a trial on the merits, and the discussion concerning the limitations on the use of a 30(b)(6) testimony at trial was necessarily *dicta*. *See*, *e.g.*, *Interstate Narrow Fabrics, Inc. v. Century USA, Inc.*, 218 F.R.D. 455, 462 (M.D.N.C. 2003).

Third, "[e]ven so, the [*Taylor*] opinion observed that statements in a 30(b)(6) deposition are not the same as judicial admissions, [and] that . . . the corporation may contradict the testimony at trial." *Interstate Narrow Fabrics*, 218 F.R.D. at 462. Stewarts argues that Plaintiff should be absolutely bound by its corporate deponent's alleged admission that no express warranty exists. However, other courts have read *Taylor* to allow for greater evidentiary development in order to reach the truth of a matter, rather than allow parties to rely idly on a game of "gotcha" by seizing upon potential deposition misstatements to judicially estop certain claims, like Stewarts urges here. *See*, *e.g.*, *Firehouse Rest. Grp., Inc. v. Scurmont LLC*, 2011 WL 3555704, at *8 (D.S.C. Aug. 11, 2011) (finding that a 30(b)(6) deponent's statements are not absolutely binding on a corporate party because nothing in the advisory committee notes indicates that the Rule goes that far); *Thornton v. Fed. Deposit Ins. Corp.*, 2007 WL 391571, at *1 (S.D.W. Va. Feb. 1, 2007) (allowing exploration of 30(b)(6) testimony through cross examination). Here, even assuming Plaintiff's 30(b)(6) deponent (inadvertently or purposefully) admitted that no express warranty existed,

Plaintiff presented sufficient evidence at trial to draw that admission into question.

At trial, Plaintiff introduced the testimony of Keith Van Hulle, a corporate employee of Plaintiff. Mr. Van Hulle testified because David Clark, Plaintiff's 30(b)(6) deponent, had left the company and was, therefore, unable to testify on Plaintiff's behalf. *See* Van Hulle Deposition, at pp. 85-87. During his testimony, Mr. Van Hulle did not adopt Mr. Clark's statement concerning whether an express warranty was given to Plaintiff by Stewarts.[4] *See id.* at pp. 67-68. Rather, Mr. Van Hulle specifically testified that (1) Plaintiff was given a quote by Stewarts, which contained the written representations concerning the quality and capabilities of the Tampico brush roller, (2) Plaintiff was assured that it could, at that time, singularly implement the Tampico brush roller into its system in order to achieve the ends sought, and (3) Stewarts was told of Plaintiff's needs and inspected Plaintiff's system prior to the consummation of the Tampico brush roller sale, and (4) that Plaintiff relied on Stewarts' expertise on this point. *See*, *e.g.*, Van Hulle Deposition, at pp. 27-34.

In determining whether a seller made an express warranty, North Carolina courts focus on whether the seller's statements were so regarded by the buyer that the statements became a part of his reason for purchasing the goods. *See Pake v. Byrd,* 55 N.C. App. 551, 552-53, 286 S.E.2d 588, 589-90 (1982). A plaintiff must have relied upon the warrantor's statement in order to establish an express warranty and its breach. *See Pake,* 55 N.C. App. at 553, 286 S.E.2d at 590 ("[W]here the buyer relies on his own skill and judgment, thereby essentially disclaiming any warranty, the seller's statements cannot be viewed as the basis of the bargain."). However, "the element of

---

[4] Though Stewarts argues that Mr. Van Hulle "deferred" to Mr. Clark's testimony on this point, *see* (Doc. No. 63), at p. 3, this characterization of his testimony is incorrect. Mr. Van Hulle was deferring to other portions of Mr. Clark's testimony in response to the specific questions being asked. Stewarts has not pointed the Court to any portion of Mr. Van Hulle's testimony in which he wholesale adopts Mr. Clark's testimony, or *clearly* adopts the specific portion relating to the express warranty. Having found none itself, the Court will not construe Mr. Van Hulle's testimony in such a manner.

reliance can often be inferred from allegations of mere purchase or use if the natural tendency of the representations made is such as to induce such purchase or use." *Bernick v. Jurden,* 306 N.C. 435, 448, 293 S.E.2d 405, 413 (1982); *see Kinlaw v. Long Mfg. N.C. Inc.,* 298 N.C. 494, 500 n. 7, 259 S.E.2d 552, 557 n. 7 (1979). An express warranty may be a written document, or it may take the form of an "affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes the basis of the bargain." N.C. Gen. Stat. § 25–2–313(1)(a).

To infer whether a seller's statement to the buyer became a "basis" of the "bargain" between the two parties, a jury may be guided by certain factors. *See Pake*, 55 N.C. App. at 553, 286 S.E.2d at 590. These factors include: (1) whether the statement was made before or after the sale was consummated; (2) whether the buyer knew of the seller's statements; and (3) whether the buyer relied on his own skill and judgment, rather than the seller's, and thereby essentially disclaimed any warranty. *See id.* Ultimately, the question of whether an express warranty existed and was breached is one for the jury. *See*, *e.g.*, *Muther-Ballenger v. Griffin Elec. Consultants, Inc.*, 100 N.C. App. 505, 509, 397 S.E.2d 247, 249 (1990) ("[W]hether defendant made or breached any express warranties . . . is a question of fact to be decided by the trier of fact."); *Warren v. Joseph Harris Co.*, 67 N.C. App. 686, 691, 313 S.E.2d 901, 904 (1984) ("Whether the parties to the transaction have created an express warranty is a question of fact.").

Here, the Court concludes that there was ample evidence of an express warranty, which could be reasonably inferred by the jury at trial, such that any admission by Plaintiff's 30(b)(6) deponent was contradicted under *Taylor*. The sale quote provided by Stewarts made representations of fact concerning the Tampico brush roller, including the length and uniformity of its bristles and the ability of such bristles to withstand heat. Plaintiff received the sale quote and was aware of it. The sale quote was afforded to Plaintiff before Stewarts sold Plaintiff the brush

roller. Finally, Plaintiff relied on Stewarts' expertise and recommendation concerning the Tampico brush roller's appropriateness for use and its ability to be used effectively in Plaintiff's hot pin perforating system. These facts satisfy the Court that a reasonable jury could conclude that the factual representations contained in the sale quote and in Stewarts' recommendation became a basis of the bargain between them. Accordingly, this evidence directly contradicted any alleged contrary statement contained in Plaintiff's 30(b)(6) deposition, and thereby created a factual dispute proper only for the jury's deliberation and decision.[5] Defendant's Motion as to this issue is, therefore, **DENIED**.

    C. <u>Any Error Concerning the Jury's Consideration of the Sealed Container Defense is Harmless and the Defendant's Request for a New Trial is Denied</u>

Stewarts also argues that its sealed-container defense was misconstrued and that the jury was improperly instructed as to North Carolina law on the matter. Whatever the merit of Stewarts' argument, the Court need not reach it because any alleged error is harmless.

Here, the parties agreed that the appropriate measure of damages on each claim, whether express or implied warranty, was that of breach of contract. North Carolina has a pattern jury instruction for this measure of damages, and the Court instructed the jury as to that measure. Indeed, the jury was properly instructed that, if it found a breach of warranty, whether express or implied, the appropriate measure by which it would determine the amount of damages due to Plaintiff would include a calculation of any actual damages, incidental damages, and/or consequential damages. The jury was instructed that its calculation should not, and could not, be informed by speculation or conjecture. The jury was instructed that the Plaintiff carried the burden

---

[5] The Court notes that the allegedly contrary testimony of Plaintiff's 30(b)(6) deposition was made available to, and was considered by, the jury. *See*, *e.g.*, [Doc. No. 51-2] (Defendant's Exhibit List); Defendant's Trial Exhibit 3.

to prove its financial injury, and the damages flowing from it, by a reasonable calculation that demonstrated entitlement to such damages by a preponderance of the evidence.

The jury granted the Plaintiff its actual, incidental, and consequential damages in the amount of the lump-sum of $563,184.01. No calculation of damages was presented to the jury which segregated the Plaintiff's damages into those flowing separately from a breach of either one of the implied warranties or from a breach of the express warranty. This is because Plaintiff's total damages were one-and-the-same, those injuries which flow from a breach of contract. Whether or not that contract was express or implied is of no significance; the only difference was the theory under which the damages were sought and are now due by Defendant.

Under North Carolina law, the sealed container defense is available, by its express terms, only against claims for breach of an implied warranty. *See* N.C. Gen. Stat. § 99B-2(a). The defense has no application to a claim for express warranty. *Id.* Defendant has not alerted this Court to how an alleged error in its construction or instruction of the sealed container defense could have prejudiced Defendant respecting Plaintiff's express warranty claim – and the Court is aware of no prejudice. Defendant is not entitled to a new trial merely because the damages the jury levied against it are recoverable in the same amount under all warranty theories, collectively and concurrently, or each warranty theory, separately and singularly. *See Tire Eng'g & Distribution, LLC v. Shandong Linglong Rubber Co.*, 682 F.3d 292, 313-14 (4th Cir. 2012); *Quigley v. Rosenthal*, 327 F.3d 1044, 1073–74 (10th Cir. 2003). Specifically, in this case, it does not matter whether the jury's $563,184.01 damages award was granted with respect to the Plaintiff's express warranty claim, or its implied warranty of merchantability claim, or its implied warranty of fitness for a particular purpose claim, or all three together, because the result is unchanged in the end: Plaintiff is entitled to the same damages, irrespective of the warranty theory, because each theory

is predicated on the same conduct (Defendant's breach of contract respecting the quality and functionality of the Tampico brush roller), and the maximum recovery for each claim is the same. This is sufficient to sustain the verdict.

Because the Court did not erroneously submit the Plaintiff's express warranty claim to the jury, any alleged error in construing the sealed container defense is, consequently, harmless and need not be considered in the Court's review of the Motion. Accordingly, Defendant's Motion is hereby **DENIED** as to this issue.

### III. DECRETAL

**IT IS, THEREFORE, ORDERED THAT**

(1) Defendant Stewarts' Motion (Doc. No. 62) is hereby **DENIED**;

(2) The jury's verdict and the final judgment (Doc. Nos. 60 & 61) are hereby **AFFIRMED**; and

(3) Defendant Stewarts' Motion to Stay Execution of the Judgment (Doc. No. 64) is hereby **DENIED**.

**SO ORDERED**.

Signed: July 6, 2016

Richard L. Voorhees
United States District Judge